UNITED STATES DISTRICT COURT
EASTERN DISTRICT MICHIGAN
SOUTHERN DIVISION

JULUIS MORRIS,

    Plaintiff,

v.

HOMEWARD RESIDENTIAL, INC.;
DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS TRUSTEE FOR AMERIQUEST MORTGAGE
SECURITIES, INC. ASSET-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2003-9; and AMERIQUEST
MORTGAGE SECURITIES, INC., ASSET-BACKED
PASS-THROUGH CERTIFICATES, SERIES 2003-9,

    Defendants.

Case No. 2:12-cv-15208-PJD-RSW
District Judge Patrick J. Duggan
Magistrate Judge R. Steven Whalen

Removed from:
Oakland County Circuit Court
Case No. 12-130325-CZ
Hon. Shalina Kumar

## STIPULATED ORDER STAYING CASE

**NOW COME** the parties, Defendants, Homeward Residential, Inc. ("Homeward"), Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-9 ("Deutsche Bank as Trustee") and Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2003-9 ("Ameriquest Trust") (hereinafter collectively known as the "Defendants") and Plaintiff Juluis Morris ("Plaintiff"), by and through their respective counsel, and hereby stipulate and agree as follows:

1. The parties agree that in light of their settlement negotiations intended to resolve the matter the proceedings shall be stayed until April 3, 2013 to allow time to complete a loan modification review.

1278424 v2/11225.0160/DTY

2. The parties further agree that in the event that the loan modification review process is not completed during the stay period, and additional time is required to resolve the matter, the parties may stipulate to further extend the stay.

3. The parties further agree that, provided the stay remains in effect, and is not extended or cancelled by any party pursuant to the preceding paragraphs; Defendants will have an additional 21 days after the expiration of the stay to respond to Plaintiff's Complaint.

Therefore, upon stipulation of the parties hereto, as evidenced by the signature of their respective counsel below, and the Court being otherwise fully advised in the premises:

IT IS HEREBY ORDERED that in the event that the loan modification review process is not completed during the stay period, and additional time is required to resolve the matter, the parties may stipulate to further extend the stay.

IT IS FURTHER ORDERED that if the parties are in the process of negotiating and executing a settlement, and additional time is required to resolve the matter, the parties may stipulate to further extend the stay. Also, provided the stay remains in effect and is not extended cancelled by any party pursuant to the preceding paragraphs, Defendants will have an additional 21 days to respond to Plaintiff's Complaint.

      s/Patrick J. Duggan
      Patrick J. Duggan
      United States District Judge

Dated: December 3, 2012
I hereby certify that a copy of the foregoing document was served upon counsel of record on Monday, December 03, 2012, by electronic and or ordinary mail.

      s/Marilyn Orem
      Case Manager

STIPULATED TO ON DECEMBER 3, 2012 BY:

| | |
|---|---|
| */s/ Nicholas C. Buonodono (w/consent)* | */s/ Lindsey R. Johnson* |
| Adam J. Gantz (P58558) | Martin S. Frenkel (P49283) |
| John B. Burcham (P45079) | Lindsey R. Johnson (P67081) |
| Nickolas C. Buonodono (P70835) | Attorneys for Defendants |
| Attorneys for Plaintiff | Maddin, Hauser, Wartell, Roth & Heller, P.C. |
| 27750 Middlebelt Road, Suite 100 | 28400 Northwestern Highway, Third Floor |
| Farmington Hills, MI 48334 | Southfield, MI 48034 |
| Telephone: (248) 987-6505 | ljohnson@maddinhauser.com |
| nbuonodono@gantzassociates.com | (248) 354-4030 |

3

1316189/13482.0053